MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Roshni C. Kapoor, Bar No. 310612
roshni.kapoor@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:     +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:     +1.650.843.4000
Fax:     +1.650.843.4001

MORGAN, LEWIS & BOCKIUS LLP
Carolyn M. Corcoran, (*pro hac vice forthcoming*)
carolyn.corcoran@morganlewis.com
101 Park Avenue
New York, NY 10178
Tel:     +1.212.309.6000
Fax:     +1.212.309.6001

Attorneys for Defendant
X CORP. f/k/a TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLOW WREN TURKAL, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TWITTER, INC., and X CORP.,<br><br>Defendant | Case No. 3:24-cv-04054-MMC<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT AND JURY DEMAND** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO
PLAINTIFF'S CLASS ACTION
COMPLAINT AND JURY DEMAND
Case No. 3:24-cv-04054-MMC

Defendant X Corp., on its own behalf and as successor in interest to Defendant Twitter, Inc., ("X") hereby answers the allegations in the numbered Paragraphs in the Class Action Complaint and Jury Demand ("Complaint") filed by Plaintiff Willow Wren Turkal ("Plaintiff") as follows:

## I. INTRODUCTION

1. X admits the Complaint purports to allege class claims against X by Plaintiff, on behalf of herself and other female employees of X across the country who have been discharged or constructively discharged from employment in the months after the Twitter, Inc. merger. X denies all remaining allegations in Paragraph 1 of the Complaint.

2. X admits the Complaint purports to allege class claims under the California Fair Employment and Housing Act ("FEHA"), Gov. Code § 12900, *et seq.*, against X by Plaintiff, on behalf of herself and other female employees of X who were terminated from employment in the months since the Twitter, Inc. merger. X denies all remaining allegations in Paragraph 2 of the Complaint.

3. X admits that following the effective date of the Twitter, Inc. merger in late October 2022, X conducted reductions in force. X denies all remaining allegations in Paragraph 3 of the Complaint.

4. X contends that allegations in Paragraph 4 of the Complaint constitutes a conclusion of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent that a response is required, X denies all allegations in Paragraph 4 of the Complaint.

5. X admits the Complaint purports to allege claims of sex discrimination on behalf of Plaintiff and on behalf of similarly situated individuals. X denies all remaining allegations in Paragraph 5 of the Complaint.

6. X admits that Plaintiff filed her claim in the United States District Court for the Northern District of California, *Strifling et al. v. Twitter, Inc. et al.*, Civ. No. 4:22-cv-07739-JST, that the court dismissed her claim without prejudice on May 8, 2023 (ECF No. 38), that the plaintiffs in *Strifling* subsequently amended their complaint, that Twitter filed a motion to dismiss

Plaintiff's Second Amended Complaint on February 9, 2024 (ECF No. 64), and that the *Strifling* plaintiffs (including Plaintiff) opposed that motion (ECF No. 67). X lacks sufficient information to admit or deny the last sentence in Paragraph 6 about the purpose of Plaintiff filing this lawsuit. The remaining allegations in Paragraph 6 of the Complaint constitute a conclusion of law and/or legal arguments and no admission or denial is therefore necessary.

## II.   PARTIES

7.   X admits that, according to its HRIS, Plaintiff Turkal was employed by X as a Staff Site Reliability Engineer starting approximately on June 1, 2021, until January 4, 2022. X lacks sufficient information to admit or deny whether Plaintiff Turkal is a resident of San Jose, California. X denies all remaining allegations in Paragraph 7 of the Complaint.

8.   X admits the Complaint purports to bring this lawsuit as a class action under California Code of Civil Procedure § 382 on behalf of Plaintiff and on behalf of similarly situated female employees who were subject to layoff since the Twitter, Inc. merger. X denies all remaining allegations in Paragraph 8 of the Complaint.

9.   X denies all allegations in Paragraph 9 of the Complaint.

10.   X admits it is a Nevada corporation. X denies all remaining allegations in Paragraph 10 of the Complaint.

11.   X admits that in or around March 2023, Twitter, Inc. merged with X Corp. X contends that the remaining allegations in Paragraph 11 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent that a response is required, X denies all remaining allegations in Paragraph 11 of the Complaint.

## III.   JURISDICTION

12.   X contends that allegations in Paragraph 12 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary.

/ / /

/ / /

### IV.   STATEMENT OF FACTS

13. X admits it is a social media company. X admits that at certain time periods it has employed thousands of employees in the United States. X denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. X admits that in April 2022, Twitter, Inc. announced that it had entered into an agreement to be acquired. X denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. X admits that following the effective date of the Twitter, Inc. merger in late October 2022, X conducted reductions in force. X denies all remaining allegations in Paragraph 15 of the Complaint.

16. X denies all allegations contained in Paragraph 16 of the Complaint.

17. X admits that following the effective date of the Twitter, Inc. merger in late October 2022, X conducted reductions in force. X denies all remaining allegations in Paragraph 17 of the Complaint.

18. X denies all allegations in Paragraph 18 of the Complaint.

19. X admits that the articles cited in Paragraph 19 attribute various alleged photographs to X. X denies all remaining allegations in Paragraph 19 of the Complaint.

20. X denies all allegations in Paragraph 20 of the Complaint.

21. X contends the allegations in Paragraph 21 and footnote 1 of the Complaint constitute conclusions of law and/or legal arguments, and that no admission or denial is therefore necessary. To the extent that a response is required, X denies all allegations in Paragraph 21 of the Complaint.

22. X contends the allegations in Paragraph 22 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent that a response is required, X denies all allegations in Paragraph 22 of the Complaint.

/ / /

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANT'S ANSWER TO
PLAINTIFF'S CLASS ACTION
COMPLAINT AND JURY DEMAND
Case No. 3:24-cv-04054-MMC

23. X contends the allegations in Paragraph 23 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent that a response is required, X denies all allegations in Paragraph 23 of the Complaint.

24. X contends the allegations in Paragraph 24 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent that a response is required, X denies all allegations in Paragraph 24 of the Complaint.

25. X lacks sufficient information to admit or deny Dr. Killingsworth's statements or analysis. X admits that the federal court in *Artunduaga v. Univ. of Chicago Med. Ctr.*, 2016 WL 7384432, at *1 (N.D. Ill. Dec. 21, 2016) describes Dr. Killingsworth's alleged qualifications but denies that Footnote 2 contains an accurate quotation/citation. X denies all remaining allegations in Paragraph 25 of the Complaint.

26. X contends the allegations in Paragraph 26 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent that a response is required, X denies all allegations in Paragraph 26 of the Complaint.

27. X contends the allegations in Paragraph 27 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent that a response is required, X denies all allegations in Paragraph 27 of the Complaint.

28. X contends the allegations in Paragraph 28 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent that a response is required, X denies all allegations in Paragraph 28 of the Complaint.

29. X contends the allegations in Paragraph 29 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANT'S ANSWER TO
PLAINTIFF'S CLASS ACTION
COMPLAINT AND JURY DEMAND
Case No. 3:24-cv-04054-MMC

To the extent that a response is required, X denies all allegations in Paragraph 29 of the Complaint.

30. X contends the allegations in Paragraph 30 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent that a response is required, X denies all allegations in Paragraph 30 of the Complaint.

31. X contends the allegations in Paragraph 31 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent that a response is required, X denies all allegations in Paragraph 31 of the Complaint.

32. X contends the allegations in Paragraph 32 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent that a response is required, X denies all allegations contained in Paragraph 32 of the Complaint.

33. X admits that the articles cited in Paragraph 33 of the Complaint purport to attribute various alleged comments to Musk. X denies all remaining allegations in Paragraph 33 of the Complaint.

34. X admits that the tweets cited in Paragraph 34 of the Complaint purport to attribute various alleged comments to Musk. X denies all remaining allegations in Paragraph 34 of the Complaint.

35. X admits that the article cited in Paragraph 35 of the Complaint purports to attributes alleged action to Musk. X denies all remaining allegations in Paragraph 35 of the Complaint.

V. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

36. X lacks sufficient information to admit or deny whether Plaintiff Turkal, prior to filing the initial complaint in this action, filed a charge of discrimination and received a Right to Sue letter. X denies all remaining allegations in Paragraph 36 of the Complaint.

**COUNT I**
**California Fair Employment and Housing Act,**
**Gov. Code § 12900, *et seq*.**
**(Sex Discrimination)**

X contends the allegations contained in Count I of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, X denies all allegations contained in Count I of the Complaint.

**JURY DEMAND**

X admits the Complaint purports to request a trial by jury. X denies Plaintiffs are entitled to a jury trial on some or all of their claims.

X denies Plaintiffs and the putative class are entitled to any relief whatsoever, and further deny each and every one of the allegations and statements contained in the prayer for relief section of the Complaint on page 9.

X denies all allegations in the Complaint not specifically admitted in this Answer.

**DEFENSES**

X has not completed its investigation of the Complaint of this case, has not completed discovery, and has not completed its preparation for trial. The defenses asserted herein are based on X's present knowledge, information, and belief, and X specifically reserves the right to modify, amend, or supplement any defense contained herein at any time. In addition, X presently has insufficient knowledge or information as to whether it may have additional, yet unasserted, defenses. X therefore expressly reserves the right to assert such additional defenses that may appear and prove applicable during the course of this litigation. Without conceding that X bears the burden of proof or persuasion as to any one of these defenses, X asserts the following separate and independent defenses to the claims in the Complaint:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Complaint and each alleged claim therein fails to state a claim upon which relief can be granted against X.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims and the claims of some or all of the putative class members are barred, in whole or in part, by all applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (*De Minimis*)

Plaintiff's claims and the claims of some or all of the putative class members are barred, in whole or in part, by the *de minimis* doctrine.

## FOURTH AFFIRMATIVE DEFENSE

### (Substantial Compliance)

Plaintiff's claims and the claims of some or all of the putative class members are barred, in whole or in part, because X complied in full with its statutory obligations, if any, and to the extent it is determined that there was non-compliance, X substantially complied with its obligations.

## FIFTH AFFIRMATIVE DEFENSE

### (Collateral Estoppel / Res Judicata)

Plaintiff's claims and the claims of some or all of the putative class members are barred, in whole or in part, by the doctrine of collateral estoppel and/or *res judicata*.

## SIXTH AFFIRMATIVE DEFENSE

### (One Satisfaction)

Plaintiff and some or all of the putative class members cannot properly recover damages under multiple or different theories or causes of action for the same or similar alleged acts/conduct/omissions.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Statutory / Administrative / Contractual Requirements)

Plaintiff's claims and the claims of some or all of the putative class are barred, in whole or in part, because Plaintiff failed to satisfy the statutory prerequisites to suit, and/or failed to timely,

fully and/or properly exhaust all administrative and/or contractual remedies.

## EIGHTH AFFIRMATIVE DEFENSE

### (Mixed-Motive)

If Plaintiff and/or some or all of the individuals whom they purport to represent are able to prove any discrimination occurred, which X denies, X reserves the right to present a mixed-motive defense.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Policies)

Plaintiff's claims and the claims of some or all of the putative class members are barred, in whole or in part, to the extent they have failed to comply with and/or violated any relevant X policy, procedure, rule, standard, or expectation.

## TENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

Plaintiff's claims and the claims of some or all of the putative class members are barred, in whole or in part, by the doctrine of after-acquired evidence.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Damages or Injury)

Plaintiff's claims and the claims of some or all of the putative class members are barred, in whole or in part, because they have not suffered any damage or injury by any acts, events or occurrences alleged in the Complaint, whether or not attributable to X.

## TWELFTH AFFIRMATIVE DEFENSE

### (Setoff and Recoupment)

Defendant denies that they acted unlawfully or improperly toward Plaintiff or any putative class member sought to be represented.  However, with regard to any potential award to Plaintiff or to any putative class member sought to be represented for alleged unpaid wages, expenses, or penalties based thereon, X is entitled under the equitable doctrine of setoff and recoupment to offset all payments to Plaintiff and/or any putative class member sought to be represented, and/or all

obligations of Plaintiff or any putative class member sought to be represented, owed to X against any judgment that may be entered against X.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's claims and the claims of some or all of the putative class members are barred, in whole or in part, by the doctrine of estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims and the claims of some or all of the putative class members are barred, in whole or in part, by the doctrine of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims and the claims of some or all of the putative class members are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

Plaintiff's claims and the claims of some or all of the putative class members are barred, in whole or in part, by the doctrine of accord and satisfaction, and payment.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Release and/or Waiver)

Plaintiff's claims and the claims of some or all of the putative class members are barred, in whole or in part, to the extent that such claims have been waived, released, discharged, and/or abandoned.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff's claims and the claims of some or all of the putative class members are barred, in whole or in part, to the extent Plaintiff and/or alleged members of the putative class action lack

standing to bring claims, either in an individual or class or collective capacity.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

Plaintiff's claims and the claims of some or all of the putative class members are barred, in whole or in part, because the Complaint is uncertain in that the purported class definition(s) are vague and ambiguous and conclusory and uncertain.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Ascertainable Class)

The purported class that Plaintiff purports to represent, the existence of which are expressly denied, are not ascertainable and, thus, no well-defined community of interest exists among the purported members.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Class Action Not Superior Method of Adjudication)

The Complaint's alleged claims are barred, in whole or in part, from proceeding as a class action, because a class action is not a superior method for adjudicating this dispute.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Fault of Others/Comparative Fault)

Plaintiff's claims and the claims of some or all of the putative class members are barred because any damages, losses or liability that Plaintiff has alleged, if they exist at all, were proximately caused or contributed to by the conduct of or attributable to others, not X.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Not Appropriate for Class Action)

The Complaint, and each purported claim for relief alleged, is not proper for treatment as a class action under California Code of Civil Procedure § 382 because, among other reasons: (a) Plaintiff cannot establish commonality of claims; (b) Plaintiff cannot establish typicality of claims; (c) Plaintiff cannot establish the requisite numerosity; (d) the individualized nature of the

asserted claims predominate; and (e) to the extent a Plaintiff is an inadequate representative of the purported class.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(Due Process)**

If this Court were to certify this action as a class action, which it should not, any award of liquidated, multiple or punitive damages would deny X the due process of law.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(Good Faith / Business Necessity)**

Actions taken by X with respect to Plaintiff and putative class members were non-discriminatory, taken in good faith, without discriminatory motives, based on lawful business reasons and business necessity, and in conformity with applicable federal, state, and local laws. X further alleges that its actions were not motivated by the sex of any employee.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

**(Agreement to Arbitrate)**

Plaintiff's claims and the claims of some or all of the putative class members are barred, in whole or part, to the extent that Plaintiff or any putative class member agreed or agrees to arbitrate the claims alleged in the Complaint, and/or to waive the right to pursue such claims on an individual, class, collective, or representative basis.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages/Avoidable Consequences)**

Plaintiff's claims and the claims of some or all of the putative class members are barred, in whole or in part, because Plaintiff and/or the others they seeks to represent have not appropriately or adequately mitigated their alleged damages, if any. The damages and the sought-after penalties of Plaintiff and the others he seeks to represent, if any, must be reduced because Plaintiff and the others they seek to represent failed to take advantage of any preventative or corrective safeguards or otherwise to avoid harm.

/ / /

## RESERVATION OF RIGHTS

X expressly reserves the right to assert such additional defenses that may prove applicable during the course of this litigation.

## PRAYER FOR RELIEF

WHEREFORE, X prays for judgment as follows:

1. That the Court denies Plaintiff's request to certify this action as a class action;

2. That Plaintiff take nothing by reason of the Complaint and that the Complaint be dismissed in its entirety with prejudice;

3. That judgment be entered in favor of X and against Plaintiff on all claims alleged in the Complaint;

4. That X be awarded its reasonable costs of suit incurred herein;

5. That X be awarded its reasonable attorneys' fees incurred in defending this action to the extent permitted under applicable law; and

6. That the Court award X such other and further relief as the Court deems just and proper.

Dated: October 11, 2024                     MORGAN, LEWIS & BOCKIUS LLP

By   /s/ Roshni C. Kapoor
Eric Meckley
Brian D. Berry
Roshni C. Kapoor
Ashlee N. Cherry
Kassia Stephenson
Carolyn M. Corcoran

Attorneys for Defendant
X CORP. f/k/a TWITTER, INC.